JOHNSON, Chief Justice,
dissents and assigns reasons.
hi find the Court of Appeal properly reversed the defendant's conviction and habitual offender sentence for possession of cocajne with intent to distribute, entering a verdict of guilty of simple possession of cocaine, and remanding for resentenc-ing. To convict a defendant for possession of a controlled dangerous substance with intent to distribute, the state must prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed the contraband, and that he did so with the specific intent to distribute it. La. R.S. 40:967; State v. Williams, 47,574 (La.App. 2 Cir. 11/14/12), 107 So.3d 763, writ denied, 2013-0079 (La.6/14/18), 118 So.3d 1080. Based on the record, the evidence in this case is insufficient to conclude beyond a reasonable doubt that the defendant possessed the small amount of cocaine with the intent'to distribute it.
Here, the officers seized from defendant’s home only two small rocks of crack cocaine, valued at a combined total of $10 to $20, and the drugs were not packaged for any type of distribution. These facts support the Court of Appeal’s finding that the drugs were intended solely for personal use. See State v. Hearold, 603 So.2d 731, 736 (La.1992) (one-eighth ounce or 17 to 18 hits of methamphetamine not inconsistent with personal use; circumstances did not indicate intent to distribute when *590 “drug was found in one package rather than in a number of smaller packages measured out in single doses.”) see also State v. Fisher, 628 So.2d 1136, 1142 (La.App. 1 Cir. 1993) (possession of 20 rocks of cocaine not sufficient to support intent to distribute), writ denied, 94-0226 (La.5/20/94), 637 So.2d 474; but see State v. White, 98-0091 (La.App. 5 Cir. 6/30/98), 715 So.2d 714 (13 rocks sufficient to prove intent to distribute) writ denied 98-2043 (La.11/25/98), 729 So.2d 577; State v. Stelly, 96-1296 (La.App. 3 Cir. 4/30/97), 693 So.2d 305 (15 rocks sufficient to prove intent to distribute).
Further, the defendant and his guest Seidah Elzie were both in his Shreveport residence when officers executed the search warrant. Moreover, Seidah Elzie was found in possession of the cocaine and pled guilty to possession of cocaine, and was placed on probation. Reasonable jurors could conclude from this evidence that the drugs belonged to Elzie or were for personal usage.